**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| J & J Sports Productions, Inc., | ) | CV 12-1324-PHX-PGR |
|        Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Jesus Valle, | ) | |
|        Defendant. | ) | |

     Before the Court is Plaintiff's Motion to Strike Defendant's Answer. (Doc. 13.)

     Plaintiff J & J Sports Productions, Inc., filed a complaint on June 21, 2012, alleging that Defendant Jesus Valle, individually and doing business as Mariscos Chihuahua, violated the Communications Act of 1934, 47 U.S.C. § 605, et seq., and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, et seq., by unlawfully intercepting and exhibiting a closed circuit telecast for which Plaintiff had exclusive distribution rights. (Doc. 1.)  Defendant did not appear or otherwise respond to the complaint.  On December 19, 2012, Plaintiff applied for entry of default. (Doc. 10.) Default was entered on December 20. (Doc. 11.) On January 11, 2013, Defendant filed a pro se "answer" to the complaint. (Doc. 12.) The answer reads, in its entirety, "Answer to Case 2:12-CV-01324-PGR False And Untrue Asking for Cause of Action And Request for Complaint be drop." (*Id.*)

An entry of default cuts off a defendant's right to appear in an action or present evidence. *Clifton v. Tomb,* 21 F.2d 893, 897 (4th Cir. 1927); *see also Great American Ins. Co. v. M.J. Menefee Const., Inc.*, No. CV F 06-392-AWI-DLB, 2006 WL 2522408, at *2 (E.D.Cal. August 29, 2006) (clerk of court's entry of default cuts off defendant's right to appear in the action, file counterclaims, or present evidence). However, a defendant may file a motion to set aside the default, pursuant to Federal Rule of Civil Procedure 55(c).

Pursuant to the Ninth Circuit's "policy of liberal construction in favor of *pro se* litigants," *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998), the Court construes Defendant's motion as a motion to set aside the entry of default. The Court may set aside an entry of default "for good cause." Fed.R.Civ.P. 55(c). Good cause exists where the defendant is not culpable, where he has a meritorious defense, or where the plaintiff would not be prejudiced. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). Defendant has not shown a lack of culpability on his part, nor has he shown that he has a meritorious defense or that Plaintiff would not suffer prejudice if the default were set aside.

Accordingly,

IT IS ORDERED granting Plaintiff's motion to strike (Doc. 13). Defendant's answer (Doc. 12) is stricken.

DATED this 6th day of May, 2013.

_____
Paul G. Rosenblatt
United States District Judge

- 2 -