**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., | No. CV-12-1324-PHX-PGR |
| Plaintiff, | **ORDER** |
| v. | |
| Jesus Valle, | |
| Defendant. | |

Before the Court is Defendant's Motion to Set Aside Entry of Default. (Doc. 17.) For the reasons set forth below, the motion is granted.

**BACKGROUND**

Plaintiff J & J Productions, Inc., filed a complaint on June 21, 2012, alleging that Defendant Jesus Valle, individually and doing business as Mariscos Chihuahua, violated the Communications Act of 1934, 47 U.S.C. § 605, et seq., and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, et seq., by unlawfully intercepting and exhibiting a closed circuit telecast for which Plaintiff had exclusive distribution rights. (Doc. 1.) Defendant did not appear or otherwise respond to the complaint. On December 19, 2012, Plaintiff applied for entry of default. (Doc. 10.) Default was entered on December 20, 2012. (Doc. 11.) On January 11, 2013, Defendant filed a pro se "answer" to the complaint (Doc. 12), which Plaintiff moved to strike (Doc. 13). On April 29, 2013, counsel for Defendant entered his appearance. On May 6, 2013, the Court granted Plaintiff's motion to strike. (Doc. 16.) Defendant filed the pending motion on June 19, 2013. (Doc. 17.)

**DISCUSSION**

Under Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." In evaluating whether good cause exists, the court considers "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 614 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)). The standard is disjunctive; if any of the factors applies, the court may refuse to vacate the default. *Franchise Holding II*, 375 F.3d at 926. The defendant bears the burden of showing that the factors favor setting aside the default. *Id.*

In general, motions to set aside default should be liberally granted and are left to the discretion of the court. *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*; *see also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 890 (9th Cir. 2001); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001). The "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F. 3d 1085, 1089 (9th Cir. 2010). Courts have "especially broad" discretion in setting aside entry of default as compared to a default judgment. *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000).

**1.  Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988)); *see also Meadows v. Dominican Republic*, 817 F.2d

1    517, 521 (9th Cir. 1987). In this context the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *TCI Group*, 244 F.3d at 697. Plaintiff argues that because Defendant received actual notice, his conduct is culpable. (Doc. 18 at 6-7.) However, the Ninth Circuit has "never applied [this standard] to deny relief in the context of such motions except when the moving party is a legally sophisticated entity or individual." *Yubran S. Mesle*, 615 F. 3d at 1093.

Defendant argues that his failure to respond was due to "lack of necessary knowledge to properly respond, time and funds unavailability to immediately hire counsel, and out of country travel." (Doc. 17 at 4.) In a declaration submitted with the motion, Defendant attests that he is "not a native English speaker" and has "no knowledge of proper legal civil procedures in dealing with Federal Cases." (*Id.*, Decl., ¶ 8.) He further states that he "did not intentionally disregard the lawsuit or procedure" and that the "delays were based upon ignorance, unavailability, and excusable neglect." (*Id.*, ¶ 10.) This information suggests that Defendant was not a legally sophisticated individual and that he did not act with bad faith in an effort to thwart the legal process. Once Defendant hired an attorney, he was able to draft the pending motion.

Plaintiff notes that Defendant did not file the motion until 43 days after the Court's ruling on Plaintiff's motion to strike, notwithstanding the appearance of counsel on April 29. The Court concludes, however, that Defendant has supplied an "explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698.

### 2. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See TCI Group*, 244 F.3d at 700 (citations

omitted). All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense. *Id.* "[T]he question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default, but is instead "the subject of the later litigation." *Id.* When a party seeking relief from default has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.,* 783 F.2d 941, 945-46 (9th Cir. 1986).

Defendant has submitted an affidavit attesting that he did not "direct, order, or supervise any of [his] employees to intercept or broadcast programming licensed to the Plaintiff." (Doc. 17, Decl., ¶ 9.) He is "of further belief that no such broadcast took place at all in [his] establishment." (*Id.*) These statements are sufficient to present the possibility that Defendant has a meritorious defense. *See J & J Sports Productions, Inc. v. Castro*, No. 11–CV–05468–RMW, 2012 WL 4120498, at *2 (N.D.Cal. September 18, 2012) (explaining that "there is no question that defendant has a meritorious defense if he never showed the program.").

### 3. Prejudice

To be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case. The standard is whether the Plaintiff's ability to pursue his claim will be hindered." *TCI Group*, 244 F.3d at 701.

The Court concludes that the facts are insufficient to show that delay caused by vacating the default will burden Plaintiff in its ability to pursue its claims. As the Ninth Circuit stated in *TCI Group*, "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment" because "vacating the default judgment merely restores the parties to an even footing in the litigation." *Id.* Here, where default judgment has not been entered, the lack of prejudice to Plaintiff favors granting the motion to set aside entry of default.

### 4. Conclusion

The factors in the "good cause" analysis under Rule 55(c) favor Defendant. His

conduct leading to the default was not culpable; he alleged facts sufficient to establish a meritorious defense; and setting aside the default would not prejudice Plaintiff.

Accordingly,

IT IS ORDERED granting Defendant's motion to set aside entry of default. (Doc. 17.)

Dated this 13th day of August, 2013.

Paul G. Rosenblatt
United States District Judge